NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 12 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANILU EUFRACIO HERRERA;
JOSELYN GONZALEZ EUFRACIO; A.
M. E.; M. M. E.,

Petitioners,

v.

TODD BLANCHE, Attorney General,

Respondent.

No. 25-6128

Agency Nos.
A245-746-878
A245-746-879
A245-746-880
A245-746-882

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 10, 2026**
Reno, Nevada

Before: OWENS, FORREST, and VANDYKE, Circuit Judges.

Petitioners Anilu Eufracio Herrera, her two minor daughters, and her adult

daughter Joselyn Gonzalez Eufracio, who are natives and citizens of Mexico, seek

review of the Board of Immigration Appeals' ("BIA") decision dismissing their

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

appeal from an immigration judge's ("IJ") denial of asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), and humanitarian asylum. We have jurisdiction under 8 U.S.C. § 1252(a)(1). We review for substantial evidence the agency's factual determinations. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). We deny the petition.

1. Substantial evidence supports the agency's adverse credibility determination as to Herrera. Under the REAL ID Act, the agency may consider the totality of the circumstances, including omissions, inconsistencies, and demeanor, in deeming an applicant not credible. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010) (citing 8 U.S.C. § 1158(b)(1)(B)). The agency reasonably relied on Herrera's omission of a significant alleged incident involving threats and gunfire, inconsistencies concerning the scope of the threats she received, her inability to provide meaningful detail regarding newly asserted incidents, and demeanor observations during her testimony. *See Ren v. Holder*, 648 F.3d 1079, 1089 (9th Cir. 2011) (noting that "even minor inconsistencies that have a bearing on a petitioner's veracity may constitute the basis for an adverse credibility determination"). Although the delayed disclosure of sexual violence cannot, standing alone, support an adverse credibility determination, *see Kebede v. Ashcroft*, 366 F.3d 808, 811 (9th Cir. 2004), the BIA expressly recognized that principle and concluded that the remaining credibility concerns independently

supported the IJ's finding. Thus, the record does not compel a contrary conclusion.

Herrera does not argue that she can meet her burden to establish eligibility for asylum, withholding, or CAT claims without considering her testimony, nor does she offer corroborating evidence of the persecution she alleged. Accordingly, the agency's determination that she failed to meet her burden in establishing eligibility for relief is supported by substantial evidence. *Cf. Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020) ("Without credible testimony or sufficient corroborating evidence, [Petitioner] cannot show that [s]he has a well-founded fear of persecution based on a protected ground. . . . [And a] petitioner who fails to satisfy the lower standard of proof for asylum necessarily fails to satisfy the more stringent standard for withholding of removal." (citation modified)); *Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017) (holding the petitioner failed to establish eligibility for CAT relief when claim was based on the same uncredible statements as her claims for asylum and withholding).

2. Substantial evidence also supports the agency's denial of relief as to Eufracio. Considering the totality of her stalker's conduct, which included grabbing her arm and making statements that she would be his "by any means," the record does not compel the conclusion that she suffered past persecution. *See Sharma v. Garland*, 9 F.4th 1052, 1060, 1062 (9th Cir. 2021) (explaining that

persecution "is an extreme concept" and threats are rarely sufficient). The agency also reasonably concluded that Eufacio failed to establish an objectively reasonable fear of future persecution because there is no evidence that Adrian has attempted to locate or contact her since she departed Mexico. Eufracio therefore cannot establish eligibility for either asylum or withholding of removal. *See id.* at 1060–62; *id.* at 1067 (explaining that a withholding claim necessarily fails when the petitioner cannot establish persecution for asylum purposes).

3. Substantial evidence likewise supports the denial of Eufracio's request for CAT protection because the record does not establish that she personally is more likely than not to be tortured by, or with the acquiescence of, a public official if returned to Mexico. *Garcia v. Wilkinson*, 988 F.3d 1136, 1147 (9th Cir. 2021) (noting that for a petitioner to secure CAT relief, she must "prove that it is more likely than not that (1) she, in particular, would be (2) subject to harm amounting to torture (3) by or with the acquiescence of a public official if removed").

4. Because neither Herrera nor Eufracio established that they suffered past persecution for asylum purposes, they are also ineligible for humanitarian asylum. *See Belishta v. Ashcroft*, 378 F.3d 1078, 1080 (9th Cir. 2004) (explaining that humanitarian asylum requires a showing of past persecution).

**PETITION DENIED.**

The temporary stay of removal, Dkt. 2, is terminated.